IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| ADAM LAMPARELLO,<br>    Plaintiff,<br><br>v.<br><br>CATHY COX, et al.,<br>    Defendants. | Civil Action File No.<br>5:25-cv-00469-MTT |

**SPECIAL APPEARANCE CONSENT MOTION TO SEAL AND REDACT AND BRIEF IN SUPPORT**

Defendant Board of Regents of the University System of Georgia, by special appearance, moves the Court to seal Plaintiff Adam Lamparello's Amended Complaint and Jury Demand (ECF No. 4) and to grant leave to refile with student names redacted. Counsel for the Board of Regents has conferred with counsel for Lamparello, who consents to the instant motion.

**I.    Background**

Lamparello's Complaint and Jury Demand raised First Amendment, Due Process Clause, and breach of contract claims. (ECF No. 1.) On November 18, 2025, after counsel met and conferred, Lamparello filed an amended complaint to substitute the Board of Regents of the University System of Georgia for Georgia College and State University. (ECF No. 4.) Originally, Lamparello alleged that he discovered and reported instances of plagiarism by unnamed students.

1

(ECF No. 1 ¶¶ 27–28, 30.) But the Amended Complaint inadvertently includes the names of five students. (ECF No. 4 ¶¶ 28, 31.)

## II.   Analysis

To protect student privacy, the Court should seal the Amended Complaint and grant Lamparello leave to file a redacted version.

Plaintiff maintains that, as a private individual, he is under no obligation to sequester the names of direct witnesses, students or otherwise. Nevertheless, and irrespective of whether he is under an obligation to sequester the names of student witnesses, Plaintiff agrees that protecting the privacy of students is warranted and desirable.

The Amended Complaint is a judicial record subject to the common-law right of access. *FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 62–63 (11th Cir. 2013). But that right "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001)). "Whether good cause exists is decided by the nature and character of the information in question." *Id.*

Courts look to several factors, including (1) whether access would impair court functions, (2) whether access would harm legitimate privacy interests, (3) the degree of and likelihood of injury if made public, (4) the reliability of the information, (5) whether there will be an opportunity to

respond to the information, and (6) whether the information concerns public officials or public concerns. *Id*. "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id*. And some courts have reasoned that student privacy "deserves special weight in the analysis, since the privacy interests at issue are afforded explicit protection under federal law." *Gregory v. Manco*, 350 F.R.D. 62, *15–16 (E.D. Pa. 2025).

Here, the information is the names of five students. (ECF No. 4 ¶¶ 28, 31.) The students have a legitimate privacy interest in the confidentiality of their education records, would potentially suffer injury if the plagiarism allegations were made public, and cannot respond within this First Amendment retaliation lawsuit. And, Lamparello consents to sealing the Amended Complaint. The Court should find good cause to seal the Amended Complaint.

In addition, Local Rule 5.4 (D) and F.R.C.P. Rule 5.2 (e) allow the Court, "for good cause," to "require redaction of additional information." For the reasons articulated above, the Court should find good cause to require redaction of the student names and should grant Lamparello leave to refile a second amended complaint with the students' names redacted. *See, e.g.*, *Rockemore v. Tobin*, No. 5:16-CV-325 (CAR), 2016 U.S. Dist. LEXIS 176988, at *3 (M.D. Ga. Dec. 22, 2016) (sealing summons with police officer's home address and directing plaintiff to refile redacted summons).

## III. Conclusion

The Board of Regents, by consent, requests that the Court seal the Amended Complaint and grant Lamparello leave to refile a redacted version.

Respectfully submitted, this 9th day of December, 2025.

*Counsel for Defendant*

CHRISTOPHER M. CARR     112505
    Attorney General

BRYAN K. WEBB     743580
    Deputy Attorney General

KATHERINE POWERS STOFF     536807
    Senior Assistant Attorney General

*/s/ Shelley S. Seinberg*
SHELLEY S. SEINBERG     617056
    Senior Assistant Attorney General

*/s/ J. Caleb Grant*
J. CALEB GRANT     396621
    Assistant Attorney General

Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 301-8296
cgrant@law.ga.gov

*(signatures continue on next page)*

*Counsel for Plaintiff*

    */s/ Michael T. Allen*
    MICHAEL THAD ALLEN
       *admitted pro hac vice*

    Allen Harris PLLC
    P.O. Box 404
    Quaker Hill, CT 06375
    mallen@allenharrislaw.com

    ROBYN PAINTER                     110108
    Painter Legal
    1190 W. Druid Hills Dr.
    Suite T-90
    Atlanta, GA 30329
    (404) 317-6132
    painterlegal@gmail.com

## CERTIFICATE OF SERVICE

I certify that on December 9, 2025, I electronically filed the foregoing **Special Appearance Consent Motion to Seal and Redact and Brief in Support** with the Clerk of Court using the CM/ECF system, which will automatically send notification of the filing to the following attorneys of record:

Michael Thad Allen
Allen Harris PLLC
mallen@allenharrislaw.com

Robyn A. Painter
Painter Legal
painterlegal@gmail.com

        */s/ J. Caleb Grant*
        J. CALEB GRANT        396621
          Assistant Attorney General

          Georgia Department of Law
          40 Capitol Square, S.W.
          Atlanta, Georgia 30334-1300
          Telephone: (404) 301-8296
          cgrant@law.ga.gov