**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**ADAM LAMPARELLO,**

**Plaintiff,**

**v.**

**CATHY COX et al.,**

**Defendants.**

**CIVIL ACTION NO. 5:25-cv-469 (MTT)**

## SCHEDULING AND DISCOVERY ORDER

### I. Nature of the Case:

*Please include a brief description of the nature of the case and the legal issues to be tried. This summary should not be argumentative nor recite the evidence, but should call the Court's attention to any unique or complex issues or circumstances surrounding the case.*

**For Plaintiff:**

Plaintiff alleges that Defendants retaliated against him for his May 29, 2025 academic-listserv speech by initiating or pursuing employment-related actions culminating in a terminal contract and his subsequent resignation. Defendants dispute liability. The remaining claim seeks prospective injunctive relief under 42 U.S.C. § 1983. The case involves the public employee speech doctrine, potentially applicable academic-speech principles, causation, and the requirements for prospective relief.

Plaintiff disputes Defendants' factual characterizations below, including the asserted basis for the investigation and the terminal contract and the presentation of excerpts from the listserv post outside their full context. Those matters are for discovery and trial.

Plaintiff contends that the legal issues to be tried are as follows:

(1) Whether Plaintiff's May 29, 2025 listserv post was speech as a citizen on a matter of public concern, rather than speech pursuant to his official duties, under *Garcetti v. Ceballos*, 547 U.S. 410 (2006), and *Lane v.*

*Franks*, 573 U.S. 228 (2014), and whether *Garcetti's* official duties rule applies to speech related to scholarship or teaching.

(2) Whether, under *Pickering v. Board of Education*, 391 U.S. 563 (1968), Plaintiff's interest in the speech outweighs any interest Defendants can show in preventing actual or reasonably predicted disruption of GCSU's operations.

(3) Whether Defendants' actions, including the investigation, the terminal contract, and related conduct, constituted an adverse employment action, that is, conduct that would likely chill the exercise of constitutionally protected speech. *See Akins v. Fulton County*, 420 F.3d 1293, 1300 (11th Cir. 2005).

(4) Whether Plaintiff's speech was a substantial or motivating factor in those actions and, if so, whether Defendants can prove by a preponderance of the evidence that they would have taken the same actions in the absence of the speech. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

(5) Whether the reasons Defendants assert for those actions, including asserted FERPA concerns, are pretextual.

(6) Whether Plaintiff is entitled to prospective injunctive relief against Defendants in their official capacities, and the scope of that relief.
For purposes of the surviving claim for prospective relief, discovery may address whether the challenged decision continues to affect Plaintiff's eligibility for reemployment, personnel records, professional status, or future treatment by the official-capacity Defendants, and whether any requested prospective remedy would redress an ongoing injury. This does not revive dismissed damages claims.

**<u>For Defendants:</u>**

Without waiving any defenses asserted in their Answer and Defenses or in any other responsive pleading to Plaintiff's Second Amended Complaint, Defendants submit the following:

Plaintiff was an Assistant Professor at Georgia College and State University (GCSU). Following an investigation into misconduct, including potential FERPA violations, GCSU decided to offer him a terminal contract for the 2025–2026 school year. Plaintiff declined the offer and tendered his resignation.

Separately, Plaintiff sent a post to a listserv that identified him and his employment with GCSU. The post asked for advice on how to deal with his GCSU students, whom he described as “entitled” and “lack[ing] any sense of accountability.” He stated that they “plagiarized,” “routinely pleaded for grade increases,” “often cried,” and showed a “lack of engagement, respect, and fragility” that Plaintiff found “exhausting.”

Defendants deny that they unlawfully retaliated against Plaintiff. All actions taken with respect to Plaintiff’s employment were taken for legitimate, non-retaliatory business reasons. Plaintiff has not been deprived of any rights, privileges, or immunities secured under the laws of the United States or of the State of Georgia.

The legal issues to be tried are as follows:

i. Whether Plaintiff’s listserv post was protected by the First Amendment despite *Garcetti v. Ceballos*, 547 U.S. 410 (2006).

And if so,

ii. Whether Plaintiff’s interest in sending his listserv post outweighs GCSU’s interest in serving its students and the public in the post-secondary education setting,

iii. Whether Defendant’s offer of a terminal contract guaranteeing another year’s employment, followed by Plaintiff’s resignation, constituted an adverse action,

iv. Whether Plaintiff can establish that any adverse action was causally connected to Plaintiff’s speech, and

v. What relief, if any, Plaintiff is entitled to.

## II. Counsel of Record:

The following individually named attorneys are designated lead counsel for the parties:

*Please include all relevant contact information for each lead counsel or pro se litigant, including mailing address, phone number, facsimile number, and email address.*

*For Plaintiff:*

Adam Lamparello
Plaintiff *pro se*
201 Berkshire Rd.

Hasbrouck Heights, NJ 07604
adamlamparello@yahoo.com
T: (201) 317-5115

*For Defendants:*

Shelley S. Seinberg
Senior Assistant Attorney General
40 Capitol Square SW
Atlanta, Georgia 30334
sseinberg@law.ga.gov
T: (404) 458-3255

J. Caleb Grant
Assistant Attorney General
40 Capitol Square SW
Atlanta, Georgia 30334
cgrant@law.ga.gov
T: (404) 301-8296

## III. Complaint and Answer filing dates:

Complaint was filed: 10/27/2025,
11/18/2025 (First Amended Complaint),
12/10/2025 (Second Amended Complaint)

Answer was filed: 11/06/2026

## IV. Discovery Deadlines:

### A. <u>Time for Discovery</u>

The time for discovery in this case shall expire May 17, 2027, that being no more than 180 days after the submission of the Proposed Order to the Court.

If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

### B. <u>Scope of Discovery</u>

*Please state the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues. See Fed. R. Civ. P. 26(b)(1), (f)(3)(B).*

**<u>Joint response:</u>**

The parties anticipate discovery, proportional to the needs of the case and consistent with the Court's September 11, 2026 Order, concerning the remaining claim for prospective injunctive relief, including Plaintiff's official duties and the context of his May 29, 2025 listserv communication; the identity and knowledge of relevant decision-makers; the university's investigation and employment decision, including any asserted FERPA concerns; the reasons asserted for the terminal contract; relevant nonprivileged contemporaneous communications, including communications with nonparties concerning Plaintiff or the listserv post, and comparator evidence, if any; and facts bearing on ongoing injury and the availability of prospective relief. Discovery shall not reopen claims dismissed by the Court.

**<u>Defendants' additional response:</u>**

Defendants propose conducting discovery in two phases. The first phase would be limited, as suggested by the Court in its September 11, 2026 Order, to information relevant to "the fact-intensive Garcetti inquiry." ECF 18 at 13. The second phase would not be limited except as provided for by law. Defendants are prepared to present argument in support of this proposal.

If the Court orders phased discovery, Defendants request that the Court specify the scope and duration of the initial phase, preserve adequate time for subsequent discovery, set motions deadlines and order briefing as appropriate, and permit a good-cause request for discovery needed to address overlapping issues.

**<u>Plaintiff's additional response:</u>**

Plaintiff opposes phased discovery. The *Garcetti* inquiry is practical, not formal: it turns on the duties Plaintiff actually performed, the context of the speech, and whether the speech was ordinarily within the scope of those duties. *See Garcetti*, 547 U.S. at 424–25; *Lane*, 573 U.S. at 240. The Court's description of that inquiry as "fact-intensive," ECF 18 at 13, favors complete discovery rather than a truncated first phase. The same evidence overlaps with the evidence of causation and Defendants' asserted reasons, and phasing would require duplicative searches and repeat depositions of the same witnesses. If the Court orders phased discovery, Plaintiff requests that the first phase include (1) Plaintiff's duties as actually performed and Defendants' policies and practices concerning faculty speech; (2) communications by or among Defendants and GCSU personnel, and

with nonparties, concerning the listserv post; and (3) depositions of the decision-makers on all subjects, so that no witness is deposed twice. Plaintiff further requests that no dispositive motion on the *Garcetti* issue be filed before the first phase closes, without prejudice to Plaintiff's rights under Rule 56(d).

Alternatively, if the Court concludes that an initial phase should be narrower, Plaintiff requests prompt production of documents concerning his actual job duties, the listserv communication, the university's response, and the identification of persons who assessed or acted upon the speech; any deposition that materially overlaps phases should be scheduled once, after relevant documents are produced, or limited initially with express leave to complete it without counting as a second deposition. The Court should reserve adequate time for a meaningful second phase and allow good-cause modification of deadlines.

**<u>The Court's Response</u>**

Upon further consideration, phased discovery is not practical. The time for discovery in this case shall expire May 17, 2027.

## C. <u>Electronically Stored Information</u>

*Please discuss any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced. See Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(3)(C).*

The parties will confer promptly and in good faith concerning preservation, appropriate custodians, proportionate search terms and date ranges, and production of relevant emails, text messages, Microsoft Teams communications, calendar entries, attachments, and other electronically stored information. Documents, where possible, will be produced as searchable PDFs. Native files or metadata will be preserved and produced upon a particularized, proportionate request or further agreement. Neither party waives objections under Rules 26 or 34. The parties will discuss reasonable measures to avoid duplicative searches and undue expense.

If the parties cannot agree on the scope or content of searches or production, the parties shall request a conference with the Court.

## D. <u>Privilege Claims</u>

*Please discuss any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask*

*the Court to include their agreement in an order under Federal Rule of Evidence 502. See Fed. R. Civ. P. 16(b)(3)(B)(iv), 26(f)(3)(D).*

The parties agree that any responsive documents withheld or redacted because of privilege or work-product protection will be listed on a privilege log that includes the following information: (1) identification of the sending and receiving parties; (2) date; (3) subject matter; and (4) the basis of the privilege.

Responsive documents withheld or redacted on privilege or work-product grounds shall be identified consistently with Rule 26(b)(5)(A), in a manner sufficient to evaluate the claim. The parties may omit from a document-by-document log post-commencement communications solely between a party and its counsel of record concerning this litigation, without waiving the right to seek a log or judicial review upon a specific showing of need. This provision does not categorically exempt communications with nonparties, underlying nonprivileged facts, or preexisting business records. The parties may confer regarding a categorical log for voluminous materials, without prejudice to either party's position.

**E. <u>Witnesses to be Deposed</u>**

*Please include the name and address of every witness to be deposed*.

**<u>For Plaintiff:</u>**

1. Cathy Cox — Georgia College & State University, 231 W. Hancock Street, Milledgeville, GA 31061 (institutional business address).

2. Amy Phillips — Georgia College & State University, 231 W. Hancock Street, Milledgeville, GA 31061 (institutional address; current office to be confirmed).

3. Indiren Pillay — Georgia College & State University, 231 W. Hancock Street, Milledgeville, GA 31061 (institutional address; current office to be confirmed).

4. Holley Roberts — Georgia College & State University, 231 W. Hancock Street, Milledgeville, GA 31061 (institutional business address).

5. Billie Jo Kaufman — UDC David A. Clarke School of Law, 4200 Connecticut Avenue NW, Washington, DC 20008 (publicly listed business address; nonparty).

6. Emily Wright — Nonparty; address not presently known, to be identified through appropriate discovery or other lawful means.

7. Scott Buchanan — Department of Government and Sociology, Georgia College & State University, Campus Box 18, Milledgeville, GA 31061 (publicly listed departmental mailing address; current status to be confirmed).

8. Nicholas Creel — Georgia College & State University, 423 Atkinson Hall, Milledgeville, GA 31061 (publicly listed business location; nonparty).

9. Vivian Cassaniti — Nonparty; address not presently known, to be identified through appropriate discovery or other lawful means.

10. Mary Sanders — Office of Legal Affairs, Parks Hall 201, Campus Box 041, Milledgeville, GA 31061 (publicly listed business address).

**For Defendants:**

Plaintiff Adam Lamparello
201 Berkshire Rd.
Hasbrouck Heights, NJ 07604

The witnesses identified above are anticipated potential deponents; their identification is not a commitment to depose each person. The parties may identify substitute or additional deponents as discovery progresses, subject to Rules 26, 30, and 45, applicable numerical and geographic limits, and any Court order. Plaintiff may seek a properly noticed Rule 30(b)(6) deposition of an appropriate institutional entity; any such deposition shall count toward applicable limits unless otherwise stipulated or ordered. The parties will identify lay and expert witnesses as required by the Rules and Court orders.

**F. Expert Witnesses**

The Plaintiff must disclose expert witnesses and provide appropriate expert reports on or before February 16, 2027, that being no more than 90 days after the submission of the Proposed Order to the Court.

The Defendant must disclose expert witnesses and provide appropriate expert reports on or before March 18, 2027, that being no more than 120 days after the submission of the Proposed Order to the Court.

Expert disclosures and reports shall comply with Rule 26(a)(2), including Rule 26(a)(2)(B) when applicable, and supplementation shall be governed by Rule 26(e) and applicable Court orders. The parties may seek adjustment of expert deadlines for good cause if material discovery is not reasonably available before the applicable deadline.

**G. Discovery Limitations or Need for Protective Order**

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

*Please include here any other relevant matters, including any matters referenced in Rule 26(f).*

The parties anticipate requesting an order under Federal Rule of Evidence 502(d) addressing inadvertent disclosure of attorney-client privileged or work-product material, and providing for the return or redaction of inadvertently produced student education records or information otherwise protected by FERPA.

Discovery is likely to include student education records. The parties will confer on the appropriate legal process to request and produce such records when appropriate and a stipulated confidentiality order for submission to the Court.

If a significant amount of identifiable student information needs to be reviewed and redacted for production, the parties shall confer promptly about a good-cause schedule adjustment.

If the Court orders phased discovery, the parties request clarification of the permissible subjects, sequencing, and procedures for seeking additional discovery.

Under Rule 5(b)(2)(E), the parties also consent to electronic service of all discovery materials and other documents in this action, by email to the addresses listed in § II, above, or by other document sharing platforms as later agreed upon in writing.

**H. Discovery Disputes**

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must email Kim A. Tavalero, Courtroom Deputy, at kim_tavalero@gamd.uscourts.gov to request a telephone conference

with the Court. The movant shall include a brief summary of the dispute, and opposing counsel shall respond with their brief summary.

## V. Time for Filing Motions:

### A. <u>Motions to Amend the Pleadings or to Join Parties</u>

All motions seeking to amend the pleadings or to join parties must be filed no later than January 17, 2027, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

### B. <u>Dispositive Motions</u>

All dispositive motions must be filed no later than June 16, 2027, that being no more than 30 days after the expiration of discovery in this case.

### C. <u>*Daubert* Motions</u>

All *Daubert* motions must be filed no later than June 16, 2027, that being no more than 30 days after the expiration of discovery in this case.

## VI. Certification of the Parties and Counsel:

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This 18th day of November, 2026.

Plaintiff *pro se*

/s/ Adam Lamparello
Adam Lamparello

201 Berkshire Rd.
Hasbrouck Heights, NJ 07604
adamlamparello@yahoo.com
T: (201) 317-5115

Counsel for Defendants

/s/ Shelley S. Seinberg
Shelley S. Seinberg
Senior Assistant Attorney General

40 Capitol Square SW
Atlanta, Georgia 30334
sseinberg@law.ga.gov

/s/ J. Caleb Grant
J. Caleb Grant
Assistant Attorney General

40 Capitol Square SW
Atlanta, Georgia 30334
cgrant@law.ga.gov
T: (404) 301-8296

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED,** this 20th day of November, 2026.

S/ Marc. T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT